IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:13CR319 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| WESLEY CAMERON, | |
| Defendant. | |

This matter is before the court on correspondence from the defendant, Filing No. 154. The court construes the letter as a motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2).

The defendant seeks to reduce his sentence by reason of an amendment to the United States Sentencing Guidelines. He contends his sentence was enhanced, in part, for distribution of child pornography, under a Guidelines provision, U.S.S.G. § 2G2.2(b)(3)(B), that has since been amended. *See* U.S.S.G. App. C, Supp., Amend. 801 (2016).

The record shows that the defendant pled guilty to one count of conspiracy to advertise child pornography in violation of 18 U.S.C. § 2252(d)(1) and (e). Filing No. 102, text minute entry. That offense carries a statutory fifteen-year mandatory minimum sentence. 18 U.S.C. § 2251(e).

The record shows the court determined Cameron's total offense level was 37 and his Criminal History Category was I, resulting in a Guideline custody range of 210 to 262 months. Filing No. 126, Presentence Investigation Report at 14-15, 22 (Sealed). As part of his total offense level calculation, Cameron received a 5-level enhancement

under § 2G2.2(b)(3)(B), because the offense involved distribution of child pornography via the TOR network. *Id.* at 15.; *see United States v. Furman*, No. 16-3238, 2017 WL 3471348, at *5 (8th Cir. Aug. 14, 2017) (finding evidence of file sharing sufficient to support a conviction for distribution). At sentencing, the defendant moved for, and was granted, a non-guideline sentence of 180 months. Filing No. 134, Statement of Reasons (Sealed). The court imposed the mandatory minimum sentence of fifteen years. Filing No. 133, Judgment

At the time of the defendant's sentencing, the applicable distribution section read: "[If the offense involved] [d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels." U.S.S.G. § 2G2.2(b)(3)(B). Pursuant to Amendment 801, the section was modified as of November 1, 2016, as follows:

> The amendment revises § 2G2.2(b)(3)(B) and commentary to clarify that the 5-level enhancement applies "if the defendant distributed in exchange for any valuable consideration." The amendment further explains in the accompanying application note that this means "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child."

U.S.S.G. Supp. to App'x C, at 145 (amendments to the Guidelines Manual effective November 1, 2012, through November 1, 2016) (Amendment 801). The number of enhancement levels did not change; instead the amendment was intended to clarify the section's application.

Under 18 U.S.C. § 3582(c)(2), a district court is authorized to reduce a term of imprisonment if a sentencing range has been subsequently lowered by the United

2

States Sentencing Commission. See *Dillon v. United States*, 560 U.S. 817, 824-26 (2010). Defendants are not eligible for a § 3582(c)(2) reduction if their sentences were not "based on" a guidelines range that was subsequently lowered by the United States Sentencing Commission, but on a statutory mandatory minimum sentence. *United States v. Koons*, 850 F.3d 973, 979 (8th Cir. 2017). Accordingly, the court can afford the defendant no relief.

IT IS ORDERED that the defendant's motion to reduce his sentence (Filing No. 154) is denied.

Dated this 1st day of September, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge